UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carmen Luyando,<br><br>                    Plaintiffs,<br><br>v.<br><br>PAY-O-MATIC CHECK CASHING CORP., THE PAY-O-MATIC CORP., and JOHN and JANE DOES 1-100,<br><br>                    Defendants. | No.: 18-cv-11114-AJN<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Carmen Luyando ("Plaintiff" or "Ms. Luyando"), by and through her attorneys, The Ottinger Firm, P.C., as and for her Complaint in this action against Defendants Pay-O-Matic Check Cashing Corp. and The Pay-O-Matic Corp. (the "Company" or "Pay-O-Matic") and John and Jane Does 1-100 ("DOES") (collectively, "Defendants"), alleges upon personal knowledge and upon information and belief as to other matters as follows:

### NATURE OF THE CLAIMS

1. Defendants' knowing and willful conduct towards Plaintiff violated (1 & 2) the minimum wage and overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), (3 & 4) the minimum wage and overtime requirements under New York Labor Laws ("Labor Law" or "NYLL"), §§ 650 *et seq.*, §§ 663, *et seq.*, (5 & 6) the wage statement and notice requirements of NYLL §§ 195(1) and 195(3); and any other claim(s) that can be fairly inferred from the facts set forth herein.

//
//

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 216(b) and 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise these claims primarily occurred in this District.

## THE PARTIES

4. Plaintiff Carmen Luyando resides in Bronx County, New York. Plaintiff was employed by Defendants from on or around June 6, 2006, until on or around July 20, 2018. At all relevant times, Plaintiff was a "non-exempt employee" within the meaning of the FLSA and NYLL.

5. Defendant Pay-O-Matic Check Cashing Corporation is a Domestic Business Corporation and existing under the laws of the State of New York and lists its principal corporate office and address for service of process as 160 Oak Drive, Syosset, New York 11791. At all relevant times, Defendant Pay-O-Matic Check Cashing Corporation is and was an "employer" within the meaning of the FLSA and NYLL.

6. Defendant The Pay-O-Matic Corporation is a Domestic Business Corporation and existing under the laws of the State of New York and lists its principal corporate office and address for service of process as 160 Oak Drive, Syosset, New York 11791. At all relevant times, Defendant Pay-O-Matic Check Cashing Corporation is and was an "employer" within the meaning of the FLSA and NYLL.

7. John and Jane Does 1-100 are the individuals who are and/or were in active control and management of the Company, regulated the employment of persons employed by the

Company, including Plaintiffs. Upon information and belief, at regular times each year, John and Jane Does physically visited the Company's work locations to evaluate the work of, determine compensation awards and adjustments for, and terminate the employment of employees such as Plaintiffs. Upon information and belief, at all relevant times, John and Jane Does are "employers" within the meaning of the FLSA and NYLL. As soon as the John and Jane Does true identities are learned, Plaintiffs will seek to add them as individual Defendants in their personal and corporate capacities through the appropriate motion in compliance with all local rules.

8. Defendant Pay-O-Matic and The Pay-O-Matic Corporation are in fact operated as a single integrated enterprise as defined and/or as relevant for the purposes of this action and under the FLSA, NYLL and all other applicable local, state and federal laws.

## INDIVIDUAL FACTUAL ALLEGATIONS

9. As outlined above, Defendants employed Plaintiff Carmen Luyando as a Teller and as an Assistant Manager from approximately June 6, 2006 until approximately July 20, 2018.

10. As a Teller and Assistant Manager, Plaintiff Carmen Luyando was primarily responsible for opening the stores, cashing checks, processing client transactions, addressing client concerns, mopping floors, sweeping the store fronts and closing stores.

11. At all times during her employment, Defendants classified Plaintiff Carmen Luyando as a non-exempt employee entitled to the protections of the FLSA and NYLL.

12. Defendants compensated Plaintiff Carmen Luyando on an hourly basis.

13. Defendants paid Plaintiff Carmen Luyando $13.00 per hour for each hour worked.

14. Defendants knowingly maintained corporate practices and policies that purposefully required Plaintiff Carmen Luyando to work uncompensated hours not counted toward her weekly total of hours worked for the purposes of pay her minimum wages, regular wages, and calculating overtime pay as required by the NYLL and FLSA.

15. As a result of their knowing and willful conduct, Defendants failed to pay Plaintiff Carmen Luyando for every hour worked and failed to pay her overtime premium pay for every overtime hour worked.

16. By way of example, Defendants maintained a policy that Plaintiff must arrive at work at certain times based upon a mandatory work schedule set by Defendants. Regularly, and with full knowledge of Defendants and as part of their intentional corporate practices and policies, Plaintiff arrived at their worksite prior to their worksite's "punch-clock," being accessible.

17. As a result of Defendants' intentional corporate practices and policies, Plaintiff arrived at work and was under the control of Defendants but was denied access to her "punch-clocks," sometimes for as long as 45 minutes at a time, and was unable to "punch-in," so that her time worked was accurately recorded for the purposes of receiving compensation for the hours in which she were mandated to be at her places of work and entirely within the control of Defendants.

18. Plaintiff, upon gaining access to their "punch-clocks," was uniformly denied the right to perfect her hours by starting her daily "clock," at the time at which she actually arrived at her worksite but rather was only permitted to "punch-in," at the time which she actually was granted access to the applicable "punch-clock," by Defendants.

19. As a result of these uniform corporate policies and practices, Defendants required Plaintiff Carmen Luyando to work in excess of 40 hours per week without pay for every hour worked and without overtime pay for overtime hours worked.

20. By way of example, during the relevant period of time, Plaintiff Carmen Luyando was asked to work in excess of 40 hours per week, based on the following example work week schedule:

   i. Monday, from 7:00 a.m. to 4:00 p.m or later (i.e., 9 or more hours);

   ii. Tuesday, from 7:00 a.m. to 4:00 p.m. or later (i.e., 9 or more hours);

   iii. Wednesday, from 7:00 a.m. to 4:00 p.m or later (i.e., 9 or more hours);

   iv. Thursday, from 7:00 a.m. to 4:00 p.m or later (i.e., 9 or more hours);

   v. Friday, from 7:00 a.m. to 4:00 p.m or later (i.e., 9 or more hours);

   vi. Saturday, N/A – Day Off; and

   vii. Sunday, from 7:00 a.m. to 4:00 p.m or later (i.e., 9 or more hours).

21. Plaintiff Carmen Luyando was not paid for every hour worked and not paid the correct overtime compensation for every overtime hour worked during the above example week.

22. Plaintiff Carmen Luyando was not provided an accurate and compliant wage notice at all times required.

23. Plaintiff Carmen Luyando was not provided accurate and compliance wage statements at the time of each payment of wages.

24. At all times Defendants conduct was knowing, voluntary and willful.

**FIRST CAUSE OF ACTION**
**(FLSA: Unpaid Minimum Wage)**

25. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

5

26. As outlined above, during the relevant time period, Defendants' practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiff Carmen Luyando by, among other things, failing to pay her the applicable minimum wage and/or her regular wage for all hours worked.

27. Accordingly, Plaintiff Carmen Luyando is entitled to the difference between the wages paid (if any) by Defendants and the FLSA minimum wage, plus any unpaid regular wages, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's minimum wage provisions.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

29. Plaintiff Carmen Luyando seeks recovery of her attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
**(FLSA: Failure to Pay Overtime Compensation)**

30. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

31. During the relevant time period, Plaintiff Carmen Luyando worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the FLSA, was not paid appropriate overtime compensation.

32. Despite the hours worked by Plaintiff Carmen Luyando, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff appropriate overtime compensation.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

34. Accordingly, Plaintiff Carmen Luyando is entitled to the difference between the wages paid (if any) by Defendants and the applicable overtime rate of pay, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's overtime provisions.

35. Plaintiff seeks recovery of her attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### (NYLL & N.Y.C.R.R.: Unpaid Minimum Wage)

36. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

37. As outlined above, Defendants' pay practices failed to pay Plaintiff Carmen Luyando the applicable minimum wage and/or regular wage for every hour worked as required by the NYLL and the N.Y.C.R.R.

38. Accordingly, Plaintiff Carmen Luyando is entitled to the difference between the applicable minimum wage and the wages (if any) paid by Defendants, plus any unpaid regular wages, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of, *inter alia*, the NYLL and N.Y.C.R.R.

39. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of, *inter alia*, NYLL § 198, and as a result Plaintiff is entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

40. Plaintiff also seeks to have her reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL and N.Y.C.R.R.

## FOURTH CAUSE OF ACTION
### (NYLL & N.Y.C.R.R.: Failure to Pay Overtime Compensation)

41. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

42. During the relevant time period, Plaintiff regularly worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the NYLL, was not paid all appropriate overtime compensation.

43. Despite the hours worked by Plaintiff, Defendants willfully, in bad faith, and in knowing violation of the NYLL and N.Y.C.R.R., failed and/or refused to pay her appropriate overtime compensation.

44. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff is entitled to the unpaid overtime compensation, applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

45. Plaintiff seeks to have her reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

## FIFTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Notices)

46. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

47.     During the relevant time period, Defendants failed to furnish Plaintiff Carmen Luyando accurate wage notices that specifically enumerated certain criteria, as required by NYLL § 195(1).

48.     Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff Carmen Luyando for the applicable statutory penalty and/or liquidated damage applicable at the time the violation occurred which may be $50 per day per violation up to a maximum of $5,000.

49.     In addition to statutory penalties, Plaintiff Carmen Luyando is entitled to recover from Defendants her reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

50.     Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

51.     During the relevant time period, Defendants failed to furnish Plaintiff Carmen Luyando with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

52.     Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff Carmen Luyando for the applicable statutory penalty and/or liquidated damages which may be $250 per violation up to a maximum of $5,000.

53.     In addition to statutory penalties, Plaintiff is entitled to recover from Defendants her reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays for the following relief:

A. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B. A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA, New York Labor Law and N.Y.C.R.R.;

C. An award to Plaintiff for all damages which Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits she would have received but for Defendants' improper practices;

D. An award to Plaintiff of the amount of unpaid wages and unpaid premium pay, including interest thereon, and penalties;

E. An award to Plaintiff of all applicable statutory damages and/or liquidated damages to which they are entitled;

F. An award to Plaintiff of exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

G. An award to Plaintiff for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and all other costs reasonably incurred;

H. An award to Plaintiff of pre-judgment and post-judgment interest, as provided by law; and

I. Any other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: January 4, 2019

New York, New York

Respectfully submitted,

THE OTTINGER FIRM, P.C.

By: _____/s/_____
Benjamin D. Weisenberg, Esq.
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Fax: (212) 571-0505
benjamin@ottingerlaw.com

*COUNSEL FOR PLAINTIFFS AND THE PROPOSED CLASSES*