**OTTINGER**

**EMPLOYMENT LAWYERS**

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street, 14th Fl.
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

Finn Dusenbery
finn@ottingerlaw.com

October 25, 2021

**By ECF**

U.S. District Judge Federic Block
U.S. District Court
Eastern District of New York
225 Cadman Plaza
East Brooklyn, NY 11201

      Re:    **Luyando v. Pay-O-Matic Check Cashing Corp., et al.**
               **No. 19-cv-03571 (FB)(JRC)**

Dear Judge Block:

      We represent Carmen Luyando in the above-referenced matter. The parties have reached a settlement and their executed agreement is annexed hereto as Exhibit 1. I submit this letter to respectfully request that the Court approve the settlement as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and so-order the parties' stipulation of dismissal, which is Exhibit A to the settlement agreement.[1]

      Plaintiff alleges that she worked as a teller from June 2006 to 2014 and an assistant manager from around 2014 to July 2018. In those roles, Plaintiff alleges her job duties included opening stores, cashing checks, processing client transactions, addressing client concerns, mopping floors, sweeping store fronts, and closing stores. As an assistant manager, Ms. Luyando further alleges she trained employees to be managers. Further, Plaintiff estimates her maximum alleged damages based on not receiving pay for approximately 2.125 hours per week, consisting of: (1) a half-hour deduction for lunch that she did not take about once per week; (2) about an hour of travel time from one store to another in the middle of her shift about once per week; and (3) approximately fifteen minutes of waiting to sign in to her workplace and clock-in about two to three times per week, or .625 hours per week. During her employment, Plaintiff estimates that she worked approximately forty (40) hours to fifty-one (51.5) and half hours per week. Plaintiff has asserted claims for: (1) minimum wage and overtime violations under the FLSA, 29 U.S.C. §§ 206 and 207; (2) minimum wage and overtime violations under New York law, N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.1, 2.2; (3) and wage notice and statement violations under N.Y. Lab. L. § 195.[2]

---

[1] Defendants join in Plaintiff's request for approval of the parties' agreement as a fair and reasonable resolution of Plaintiff's FLSA claims. But Defendants take no position regarding counsel's request for fees from the settlement.

[2] As courts in this District have observed, the supervision requirement does not apply to resolution of NYLL claims, which may be waived by private agreement. *Tortomas v. Pall Corp.*, No. 18-CV-5098 (JMA)(SIL), 2020 U.S. Dist. LEXIS 97159 (E.D.N.Y. May 31, 2020). *See Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007)(upholding release of New York Labor Law claims); *Amaya v. Garden City Irrigation, Inc.*,

Defendants dispute Plaintiff's claims. Defendants have argued and presented evidence regarding its policies requiring accurate time recording, as well as regarding its timekeeping systems that they contend are designed to ensure payment of all wages owed to employees. Defendants deny that Plaintiff worked uncompensated time during her employment.

Under *Cheeks*, a court must determine whether an FLSA settlement is fair and reasonable. Relevant factors include:

> (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

Applying these factors, the parties' settlement is fair and reasonable and should be approved. As set forth in the settlement agreement, the parties have agreed to settle the FLSA claims in this action for $15,000. This is a plainly reasonable settlement amount in light of Plaintiff's damages and the risks of the case. Plaintiffs' maximum compensatory damages are approximately $13,297.96; liquidated, or double, damages $13,297.96, and statutory damages for alleged notice and wage statement violations $7,500. Moreover, the amount of compensatory damages attributable solely to Plaintiff's FLSA claims is approximately $7,261.41 because of a three-year statute of limitations under the FLSA, as opposed to a six-year statute of limitations under the NYLL. Finally, Plaintiff's calculations assume that all alleged off-the-clock work was to be paid at her overtime rate, rather than a minimum wage rate. Defendants deny Plaintiff worked any off-the-clock time and, even if she did, Defendants believe Plaintiff's calculation of FLSA overtime wages owed is overstated.

However, Plaintiff faces risks as to both liability and damages. Given that Plaintiff's damages are based on alleged off-the-clock work, she will have to establish such work through her testimony. A jury may not credit Plaintiff or could determine that she worked fewer hours than she claims, resulting in a recovery lower than her estimates or perhaps no recovery at all.

The settlement will allow all parties to avoid the further burdens and expenses in establishing their claims and defenses, including conducting depositions, engaging in motion practice such as summary judgment, and trying the case. The settlement was the result of hard-

---

2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011)("The district courts of this circuit have roundly rejected" attempts to extend the FLSA supervision doctrine to claims under New York law) (Block, J.). Plaintiff's overtime claims under the NYLL extend 3 years prior to her FLSA claims, and they otherwise are overlapping under both laws during the 3 years prior to her initial federal complaint.

fought, arms'-length bargaining between the sides, as it was reached only after Plaintiff intervened in a parallel class action and appealed a decision there.  Accordingly, there was no possibility of fraud or collusion.  In light of the recovery and other *Wolinsky* factors, the settlement should be approved as fair and reasonable.  The parties respectfully request that Your Honor approve the FLSA settlement and dismiss this action.[3]

The settlement also provides for reasonable attorneys' fees and costs to Plaintiffs' counsel. Under the settlement agreement, Plaintiff's counsel will receive a total of $5,000, or one-third of the total settlement amount – as attorneys' fees.  In determining whether a fee is reasonable, a court considers "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations."  *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (internal quotation omitted; alteration in original).

Plaintiff's counsel's time and labor warrant the requested fee.  In total, Plaintiff's counsel spent 388.16 hours on this action, as set forth in detail in the contemporaneous time records attached hereto as Exhibit 2 (Ottinger Firm P.C.'s time records), resulting in a lodestar of $125,498.50, which is more than the requested fee.[4]

---

[3] Plaintiff has separately resolved her non-FLSA-based claims through a separate agreement, consistent with the past practice in this District and the SDNY.  *Schotte v. Sawasdee LLC*, E.D.N.Y. Case No. 20-CV-3520 at Dkt. 21 (August 5, 2021)(Locke, M.J.); *Ortega v. Ernie's Auto Detailing, Inc.*, E.D.N.Y. Case No. 20-CV-03007 (Order dated August 2, 2021)(Cogan, J.); *Maurice v. Lasante Health Center Inc., et al.*, E.D.N.Y. Case No. 19-CV-6055 at Dkt. 15 (January 23, 2020)(Cogan,J); *Mejia v. Gulf2Bay Softwash Corp., et al.,* E.D.N.Y. Case No. 19-cv-05286 (JMA)(AKT) (Order dated 08/28/2020)(Azrack, J.); *Greene v. Brady Risk, et al.*, E.D.N.Y. Case No. 19-cv-00970 (Minute Order 12/13/2019)(Feuerstein,J).  See *Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. Apr. 28, 2017)("such a bifurcated settlement agreement is permissible" under *Cheeks*); *Abrar v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016) (approving "bifurcated settlement structure" with review of FLSA settlement under *Cheeks* and confidential settlement of non-FLSA claims); *Santos v. Yellowstone Properties, Inc. et al.*, S.D.N.Y. Case No. 15-cv-03986 Dkt. 26, 30 5/10/16; *Brown v. Advanced Tattoo Management Consulting, Corp. et al.*, E.D.N.Y. Case No. 15-cv-436 (ARL) Dkt. 35, 36, 05/17/16; *Aly, et al. v. Dr. Pepper*, E.D.N.Y. Case No. 18-cv-4230(FB)(LB); *Miuzzo, et al. v. Residential Fence*, E.D.N.Y. Case No. 18-cv-2901(JFB)(ARL); *Chowdhury v. Brioni America, Inc.*, 16-CV-344 (HBP) (November 29, 2017) (Pitman, M.J.).  "Judges in this District routinely approve `bifurcated settlement agreement[s], in which the parties submit their FLSA agreement for court review and approval . . . but enter into a separate [agreement]" that addresses the non-FLSA claims) quoting *Ortiz v. Breadroll, LLC*, 16-CV-7998 (JLC), 2017 WL 2079787 at * 2 (S.D.N.Y. May 15, 2017).

[4] Respecting The Ottinger Firm P.C.'s time records,Plaintiffs applied hourly rates of $500 for Mr. Ottinger, $350 for Mr. Dusenbery, $350 for Mr. Weisenberg and $125 for paralegals Franchester Daley, Natasha Kinmont, Silva Donikian, Nicholas Aguilar, Will Ward, Jacqueline Graves, and Jolen Medwid.  The rate of $500 for Mr. Ottinger is reasonable given his experience, as detailed in this letter, including running The Ottinger Firm, P.C. for more than 20 years.  *See Gallegos v. New Oceana Rest. Corp.*, No. 11 Civ. 8802, Dkt. Nos. 59, 60 (S.D.N.Y. June 28, 2013) (referring to rate of $500 for named partner of plaintiffs' employment law firm who graduated law school in 2005 as "reasonable").  The undersigned—the lead attorney in this case—seeks a rate of $350 per hour.  *See, e.g., Vasquez v. TGD Grp., Inc.*, 14-cv-7862, 2016 U.S. Dist. LEXIS 72773, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016) ("Lead attorneys in this district typically charge between $300 and $400 per hour for wage-and-hour cases."); *Surdu v. Madison Glob., LLC*, 2018 U.S. Dist. LEXIS 48356, at *25 (S.D.N.Y. Mar. 23, 2018) ("Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys or partners in FLSA and NYLL wage -and- hour cases.")(collecting cases); *Agudelo v. E & D LLC*, Case No. 12-cv-960, 2013 U.S. Dist. LEXIS 50486, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013)(awarding lead counsel $350 per hour); *Carrasco v. West Village Ritz Corp*., Case No. 11-cv-7843, 2012 U.S. Dist.

As set forth *supra*, Plaintiffs faced a risk of loss on several claims based on disputed legal and factual issues. Moreover, Plaintiffs' counsel took this case pursuant to a retainer agreement with the Named Plaintiff that stated that counsel would receive a percentage of the recovery only if Plaintiffs obtained a recovery. Accordingly, Plaintiffs' counsel faced a risk of receiving little or no payment for their work depending on the outcome of the underlying claims. Thus, the magnitude, complexities, and risks of the litigation weigh in favor of approving the requested fee.

Plaintiff's counsel has extensive experience representing employees in wage and hour actions. Mr. Ottinger started the Ottinger Firm in 1999. At the Ottinger Firm, Mr. Ottinger served as lead counsel in over two hundred employment cases involving a wide range of legal claims, a role in which Mr. Ottinger continues to engage. Mr. Ottinger has handled Fair Labor Standards Act cases since 2008. The Ottinger Firm, in addition to this case, has handled numerous class actions involving wage and hour claims. I received my J.D. from Brooklyn Law School in 2012 and joined The Ottinger Firm in 2019. At The Ottinger Firm, I mainly work on class/collective wage and hour lawsuits. I have represented employees with wage and hour and discrimination claims for over eight years and worked for two other plaintiffs' employment law firms. Benjamin Weisenberg received his J.D. from Capital University Law School in 2011 and was admitted in New York in 2014. Mr. Weisenberg worked as an associate at The Ottinger Firm for three years and currently maintains his own practice including representing FLSA and NYLL plaintiffs. Thus, the quality of representation weighs in favor of approving the requested fee.

The requested fee is reasonable in relation to the settlement. The settlement agreement provides for a fee of $5,000, or one-third of the settlement amount. The proposed fee was consensual and agreed to by all Plaintiffs. Under the Named Plaintiff's contingency fee engagement agreement, attached hereto as Exhibit 3, Plaintiffs' counsel is entitled to request out of the total recovery one-third in attorneys' fees. *See Mireku v. Red Vision Sys., Inc.*, No. 11 Civ. 9671, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (noting the consensual nature of the fee arrangement); *see also Rangel v. 639 Grand St. Meat & Produce Corp.,* No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). While there is no strict limit on the proportion of a settlement that may be allocated to attorneys' fees in FLSA cases, *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 604-605 (2d Cir. 2020), "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Martinez v. Consulate Gen. of Algeria in N.Y.*, No. 16 Civ. 2390, 2016 U.S. Dist. LEXIS 157999, at *8-9 (S.D.N.Y. Nov. 15, 2016); *see also, e.g.*, *Geskina v. Admore Air Conditioning Corp.*, No. 16 Civ. 3096, 2017 U.S. Dist. LEXIS 67583, at *8-9 (S.D.N.Y. May 3, 2017); *Ramirez v. Greenside Corp.*, No. 16 CV 726, 2017 U.S. Dist. LEXIS 30527, at *9-10 (S.D.N.Y. Mar. 3, 2017); *Maldonado v. Srour*, No. 13 Civ. 5856, 2016 U.S. Dist. LEXIS 139881, at *3 (E.D.N.Y. Oct. 6, 2016); *Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904, 2016 U.S. Dist. LEXIS 84631, at *3-4 (S.D.N.Y. June 29, 2016).

---

LEXIS95596, 2012 WL 2814112, at *7 (S.D.N.Y. July 11, 2012)("Courts in this [d]istrict have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450.").

10/25/21
Page 5 of 5

      Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices.  29 U.S.C. § 202(a).  A fair attorneys' fee award that takes into account the services provided and the risks undertaken furthers these remedial purposes.  For the reasons set forth about, we respectfully request that the Court approve the attorneys' fees set forth in the settlement agreement.

                                                  Respectfully submitted,

                                                  /s/ Finn Dusenbery
                                                  Finn Dusenbery

cc: All Counsel (via ECF)